UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURVINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | No. 1:26-cv-00724-DJC-AC<br><br><br>ORDER |

Petitioner Gurvinder Singh, a noncitizen, filed a petition for writ of habeas corpus and a motion for temporary restraining order on January 28, 2026, seeking release from immigration custody or, alternatively, a bond hearing. Respondents have represented that they do not object to resolving Petitioner's underlying habeas petition. For the reasons discussed below, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2.[1]

**BACKGROUND**

Petitioner Gurvinder Singh is a national of India. (Pet. (ECF No. 1) ¶ 7.) He entered the United States near San Luis, Arizona, on or around June 30, 2024, and

---

[1] In the interest of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

1

was encountered by the Border Patrol. (*Id.* ¶ 8.) That same day, he was determined to be inadmissible for lack of valid entry documentation and issued a Notice and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1). (*See* ECF No.1-3 at 36–37.) On July 12, 2024, Petitioner was enrolled in both an Alternatives to Detention Program ("ATD") and released on a one-year parole pursuant to section 212(d)(5)(A) of the Immigration and Nationality Act. (*See* ECF No. 1-3 at 38–39.) The notice authorizing parole specified that parole would automatically terminate upon Petitioner's departure or removal from the United States or at the end of the one-year period unless Immigration and Customs Enforcement ("ICE") provided an extension. (*Id.* at 39.) Subsequently, Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. (Pet. ¶ 8; *see also* ECF No. 1-3 at 29 ("case type" indicating Petitioner has pending application for asylum).)

Petitioner was re-detained by ICE on August 7, 2025. (Pet. ¶¶ 1–2.) While in immigration custody, Petitioner participated in a credible fear interview and received a positive credible fear determination on October 2, 2025. (*See* ECF No. 1-3 at 4–28.) On October 6, 2025, Petitioner received a Notice to Appear indicating that his prior order of expedited removal had been vacated pursuant to 8 C.F.R. § 208.30 because he demonstrated a credible fear of persecution or torture. (ECF No. 1-3 at 32.) Petitioner remains detained at the California City Corrections Center. (Pet. ¶ 1.)

On January 28, 2026, Petitioner filed a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order (Mot. TRO (ECF No. 2).) He asserts a statutory claim under 8 U.S.C. § 1226(a), a Due Process claim under the Fifth Amendment, an Administrative Procedure Act claim, an Equal Protection Claim under the Fifth Amendment, and a Suspension Clause claim under the United States Constitution. (*See generally* Pet.) He seeks immediate release or, alternatively, a bond hearing. (*See generally* Mot. TRO.) The Motion for a Temporary Restraining Order is fully briefed. (Opp'n (ECF No. 9); Reply (ECF No. 10).)

## LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." See *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted).

## DISCUSSION

### I. Likelihood of Success on the Merits

The Court finds that Petitioner is likely to be successful on his due process claim. Respondents contend that Petitioner is ineligible for a bond hearing because he is subject to mandatory detention and that any liberty interest he might have is constrained by the language of § 1225(b)(2). (*See generally* Opp'n.) The Court disagrees and finds that Petitioner has a meaningful liberty interest under the Due Process Clause of the Fifth Amendment. Here, Respondents previously released Petitioner on humanitarian parole, which "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017). "Just as people on preparole, parole, and probation status have a liberty interest, so too does [Petitioner] have a liberty interest in remaining out of custody on bond." See *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969–70 (N.D. Cal. 2019) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)); *see also Kartashyan v. Warden of the Golden State Annex Detention Facility*, 2025 WL 3771343, at *7 (E.D. Cal. Dec. 31, 2025) (surveying cases and finding liberty

interest where parolee was paroled for only a month), *report and recommendation adopted* 2026 WL 95520 (E.D. Cal. Jan. 13, 2026).  Contrary to Respondents' arguments, Petitioner's liberty interest did not expire along with his parole agreement. *See Omer G. G. v. Kaiser*, --- F. Supp. 3d ---, 2025 WL 3254999, at *6 (E.D. Cal. Nov. 22, 2025) (collecting cases and rejecting government's argument that liberty interest expired pursuant to automatic expiration parole).  The Court thus concludes that Petitioner acquired a liberty interest when he was released on parole.

Applying the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status.  He was released into the community for over a year and has "consistently demonstrated compliance with immigration authorities . . . ." (Pet. ¶ 7.) Accordingly, he was able to begin building a life albeit within the constraints of his parole conditions.  The government does not provide any evidence to indicate that Petitioner was not in compliance during his release on parole or assert that he is now a flight risk or a danger to the community.

As to the risk of erroneous deprivation, it is high because the "parole process does not afford the noncitizen an in-person adversarial hearing before a neutral decisionmaker where he or she may present witness testimony or evidence . . . This process is not an adequate substitute for a bail hearing to test the legitimate need for continued detention." *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1174 (W.D. Wash. 2023).  Finally, the government's legitimate interests in protecting the public and ensuring appearances at immigration hearings do not outweigh Petitioner's countervailing liberty interest at stake here.  Furthermore, Petitioner's individual request for a bond hearing imposes a "minimal fiscal and administrative burden." *Kartashyan*, 2025 WL 3771343, at *8.

In summary, the *Mathews* factors weigh in Petitioner's favor.

**II. Balance of the Harms & the Public Interest**

Petitioner has established the risk of irreparable harm based on the deprivation of constitutional rights via immigration detention. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor. *See Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

In summary, the Court concludes that Petitioner is entitled to relief under Count 2 of the Petition for Writ of Habeas Corpus.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2;
2. Respondents are ORDERED to immediately release Petitioner Gurvinder Singh from custody. Respondents shall not impose any additional restrictions on him, unless that is determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are PERMANENTLY ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. Petitioner shall be allowed to have his counsel present. At

any such hearing, the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community to justify denial of bond; and the immigration judge should consider Petitioner's financial circumstances or alternative conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond; and

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **February 19, 2026**

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE